IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PAULA WALDRUP, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| VOLVO CAR USA LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff Paula Waldrup, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law, LLC., hereby complains against the Defendant, Volvo Car USA, LLC as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to Americans with Disabilities Act. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is also brought pursuant to the Americans with Disabilities Act (ADA).

3. This action is brought pursuant to the laws of South Carolina.

## PARTIES

4. The Plaintiff is an individual residing in Dorchester County, South Carolina.

5. On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

6. That Volvo Car USA is doing business in South Carolina.

1

7. At all times, relevant to the allegations in this Complaint, the Defendants employed more than 20 persons in the State of South Carolina.

8. At all times, relevant to the allegations in this Complaint, the Defendants operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

10. Jurisdiction of this Court arises under the Americans' with Disabilities Act.

11. The South Carolina District Court Charleston Division is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

12. The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging Disability Discrimination in violation of the Americans with Disabilities Act.  The Charge was signed on March 3, 2026.  The Charge Set forth the following:

*I. On or about January 22, 2019, I was hired by the above employer as a Production Team Member. On or about March 3, 2025, I was placed on temporary disability leave for approximately six months. On or about August 28, 2025, the Respondent began taking steps to terminate my employment and cancelled my health insurance. On September 5, 20258, Melinda Welfred, Human Resources Representative, alleges she attempted to contact me; however, I did not receive any such communication.  On or about September 8, 2025, I returned to work and provided*

*my ADA reasonable accommodation documentation. A Supervisor that wanted me on her team, initially indicated there was no issues with my request. Approximately two hours later, Melinda Welfred, called me into her office and advised that my restrictions could not be accommodated due to that Volvo was separating my employment and stated that manufacturing was not for me and that I should apply at Publix because they could accommodate my ADA. On or about September 8, 2025, I was escorted off the property in humiliation.*

*II. I was informed that the company could not accommodate my ADA restrictions. During my unemployment proceedings, the Respondent stated that I was unable to fulfill my job duties due to my health issues. I believe the Respondent had already begun taking steps to terminate me prior to receiving my accommodation request.*

*III. I believe I have been discriminated against based on my disability, in violation of the Americans with Disabilities Act of 1990, as amended.*

*I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.*

*I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.*

13. That the EEOC issued the Right to sue on Charge number 415-2025-02458 on March 9, 2026.

14. The Right to Sue set forth the following:

3

*NOTICE OF YOUR RIGHT TO SUE This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal. You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2025-02458.*

15. That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue on the Plaintiff's charges of discrimination.

## FACTUAL BACKGROUND

16. That the Plaintiff is a resident of the United States.

17. That the Plaintiff is a female over the age of forty.

18. The Plaintiff was hired by the Defendant on January 22, 2019.

19. That the Plaintiff suffers from PTSD, Depression and Anxiety.

20. During the Plaintiff's employment from 2019 till August of 2024 the Plaintiff had never seen where she was required to drive the vehicles in her job description.

21. That the Plaintiff informed Defendant's Management of her diagnosis in August 2024 due to the fact that driving cars caused her anxiety. The Defendant transferred her to a different line to accommodate her. The Plaintiff's supervisor, Aglaia "Lia" Martsidou informed the

4

Plaintiff that her disability would follow her throughout her career. Martsidou tormented the Plaintiff regarding her disability.

22. In August of 2024, the Defendant attempted to force the Plaintiff to leave her employment with Volvo on disability. The Plaintiff refused and fought to maintain her employment with the reasonable accommodation of not having to drive the vehicles.

23. The Plaintiff started the new line in September of 2024. However, because she revealed her disability to the Defendant the employees began to treat her differently and keep their distance. The Plaintiff felt isolated and ostracized, which complicated her disease. Because of the treatment from September to February of 2025, she began to suffer from paranoia.

24. That the Plaintiff was considered an exemplary employee throughout her employment with no performance issues. The Defendant operates on a points system. The Plaintiff had no points accessed against her in the 6 years of employment.

25. In February of 2025, the Plaintiff was informed by her physician/psychiatrist that her employment was causing an exacerbation of her psychiatric systems. That due to these issues that were occurring on the job the Plaintiff was considering resigning from her employment due to her disability.

26. That the Plaintiff was encouraged not to resign but to take temporary disability and FMLA. The Plaintiff went out on leave in early March 2025.

27. That on April 10, 2025, the Plaintiff applied for Short-term disability due to her disability and was granted leave.

28. That the Plaintiff was released to return to work in September of 2025 with accommodation. The reasonable accommodation request from the Plaintiff's physician

was:  1.  Patient is unable to drive motor vehicles in an enclosed building, and/or confined or tight space.  2. The patient should be permitted to take brief rest breaks, up to 15 minutes each, no more than 5–6 times per work shift. These breaks are intended to allow the patient to step away from the work area when experiencing overwhelming anxiety or early signs of a panic attack. The purpose is to help the patient regain control, prevent escalation of symptoms, and maintain occupational functioning. These rest periods are separate from and should not replace the employee's standard lunch break. (This time may not be needed, but should be allotted as a precaution to ensure mental health stability and occupational functioning.)

29.    The Plaintiff was scheduled to return to work September 8, 2025.  When the Plaintiff returned to work on her previous line, Maria Smith insisted that the Plaintiff work on her team.

30.    The Plaintiff showed Ms. Smith her reasonable accommodation request.  Maria was more than willing to accommodate the Plaintiff's reasonable accommodation and scheduled the Plaintiff to return to work.  Maria was happy to have the Plaintiff on her shift due to the Plaintiff being a very good worker.

31.    The Plaintiff worked on the line and had no issues.  However, after working for two hours, the Plaintiff was called to Human Resources.

32.    The Plaintiff was walked to Human Resources by Maria.  While in Human Resources the Plaintiff informed HR manager, Melinda, that the Plaintiff had showed Ms. Smith her reasonable accommodation requests and that Ms. Smith did not have a problem with the reasonable accommodation.  The HR Manager, Melinda, responded to the Plaintiff's statement with "Well I do."  The HR Manager's interpretation of the accommodation

6

request was more important the actual application.  The HR Manager was retaliating against the Plaintiff for returning to work and not staying out on disability.

33.   That the Plaintiff was immediately terminated from her employment by Human Resources and informed that Volvo could not accommodate her requests as they were unreasonable.

34.   The lack of attention to the Plaintiff's situation and the blatant disregard for her requests were unlawful.  HR's treatment of the Plaintiff further complicated her condition and led to further depression.

35.   That the Defendant, Volvo, denied the reasonable accommodation.

36.   If the Defendant had accommodated the Plaintiff, the Plaintiff would not have been terminated from her employment.

37.   That the Defendant failed and refused to accommodate the Plaintiff's reasonable accommodation request.

38.   That Defendant wrongfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act.

39.   Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

40.   As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

41.   That the Defendant is the direct and proximate cause of injury to the Plaintiff.

42.   The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination and retaliation.

43. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her perceived/actual disability.

44. That the Defendant, treated the Plaintiff significantly differently based on her disability. That other employees who did not suffer a disability were treated more favorably and promoted.

45. That the Defendant's actions towards the Plaintiff violated the law.

46. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's disability, the Plaintiff:

   a. suffered severe emotional distress;

   b. suffered future lost wages and future lost benefits;

   c. suffered economic damages;

   d. Loss of employment;

   e. Loss of Future employment;

   f. incurred attorney fees for this action;

   g. incurred costs of this action; and

   h. will incur future attorney fees and costs.

47. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A CAUSE OF ACTION

## DISABILITY DISCRIMINATION

## IN VIOLATION OF THE AMERICANS WITH DISABITIES ACT

8

48.    That Paragraphs one (1) through forty-seven (47) are hereby incorporated verbatim.

49.    The Defendant is an employer as defined in ADA.

50.    That the Plaintiff is an employee as defined by the ADA.

51.    That the Plaintiff was considered an exemplary employee.

52.    That while she has been employed with the Defendant, the Plaintiff was able to perform her position to a satisfactorily level of the Defendant.

53.    That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions.

54.    That the Plaintiff was treated significantly differently than other employees who did not suffer from a disability.

55.    At no time during the Plaintiff's employment was she counseled on performance.

56.    That the Plaintiff notified the Defendant of her disability. The Defendant was well aware of it and had even discussed it with the Plaintiff throughout her employment.

57.    That Human Resources made a decision that the Plaintiff could not be accommodated but the actual supervisor was able and willing to accommodate the reasonable request.

58.    That the Defendant discriminated against the Plaintiff based on her disability, record of disability or perceived disability.

59.    That the Defendant is the proximate and direct cause of damage to the Plaintiff.

60.    That the Plaintiff has suffered severe emotional damages as a result of the Defendants' discrimination against the Plaintiff.

61.    That as a direct result of the Defendant's violation of ADA the Plaintiff has suffered:

    i.    Considerable damage to her reputation;

    ii.   Economic damages;

9

      iii.   Economic hardship;

      iv.   Loss of her position;

      v.   Actual and future lost wages;

      vi.   Loss of beneifits;

      vii.   Loss of future Benefits;

      viii.   Suffered anxiety, humiliation and emotional damages.

62.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendant's discrimination against the Plaintiff based on her disability.

**PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of disability discrimination;

F. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the ADA;

G. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H. Award all damages available to the Plaintiff pursuant to Federal and State Law;

I.   Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in discrimination, disparate treatment or retaliation against plaintiff and

J.   enter any other order the interests of justice and equity require.

HUNT LAW LLC

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated:  April 11, 2026

11